# In the United States District Court for the Western District of Texas

| Manuel Ramirez-Ocon | § | |
| --- | --- | --- |
| | § | |
| v. | § | |
| | § | SA-12-CA-213-XR |
| United States of America | § | SA-10-CR-915 |

## ORDER

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case, filed June 22, 2012 (docket no. 33) and Petitioner's objections thereto (docket no. 39). In addition, the Court reviewed all documents previously filed by Mr. Ramirez-Ocon. After careful consideration and de novo review, the Court hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

**Analysis**

The Magistrate Judge recommended that Petitioner's motion to vacate be denied. The Magistrate Judge concluded that the 16-level enhancement was properly applied under USSG § 2.L1.2(b)(1)(A)[1] because he was deported subsequent to a conviction for a felony drug trafficking crime, for which the sentence imposed exceeded thirteen months.

The Petitioner objects to the Report and Recommendation arguing that the 16-level enhancement was improperly applied to his sentence for illegal re-entry, relying upon *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010). He further argues that his counsel was ineffective in failing to object to the enhancement.

Petitioner's reliance upon *Carachuri-Rosendo* is misplaced. Carachuri–Rosendo was a lawful permanent resident who had lived in the United States since he was five years old. He faced deportation under federal law after he committed two misdemeanor drug possession offenses. The Supreme Court held "that when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been "convicted" under § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act,' 18 U.S.C. § 924(c)(2)." *Id*. at 2589. The Court further noted that in *Lopez v. Gonzales*, 549 U.S. 47, 56, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), it determined "that, in order to be an 'aggravated felony' for immigration law purposes, a state drug conviction must be punishable as a felony under federal law." 130 S. Ct. at 2582.

---

[1] "Specific Offense Characteristic
(1) Apply the Greatest:
If the defendant previously was deported, or unlawfully remained in the United States, after—
(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points."

In this case the 16-level enhancement was applied because in October 1998, he pled guilty and was convicted in California of felony possession of cocaine base (3.2 grams of crack cocaine). He was sentenced to three years of custody. He was deported on May 1, 2003, and pled guilty to illegal re-entering the United States in 2010. *Carachuri-Rosendo* does not apply to the facts of Petitioner's case. Petitioner's California drug conviction was punishable as a felony under federal law.

In his objections to the Magistrate Judge's Report and Recommendation, Petitioner, who did not file a direct appeal of his sentence, also argues that his sentence was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). This objection is without merit. This argument is an impermissible attempt to raise a late direct appeal point. Alternatively, the Court considered his criminal history (possession of 3.2 grams of crack cocaine with intention to sell and DWI). The Court also noted that he had been removed on at least three other occasions in addition to the deportation noted above. The Court considered the guidelines in their advisory capacity and after reviewing the section 3553(a) factors found that a sentence at the low end of the advisory guidelines was appropriate.

**Conclusion**

Petitioner's motion to vacate (docket no. 28) is denied.

Considering the record in this case and pursuant to Fed. R.App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court adopts and incorporates by reference the Magistrate Judge's report and recommendation filed in this case in support of its finding that the Petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition

states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Accordingly, IT IS ORDERED that the motion to vacate is DISMISSED WITH PREJUDICE.

SIGNED this 6th day of September, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE